By the Court.

This is an appeal, from the District Court for the first district, from a decision by which the court annulled an order, previously made in the suit, requiring a meeting of the creditors of the appellant. The order of reversal was obtained at the instance of James A. Brooks, one of the creditors, by means of a rule on the appellant to shew cause, See.
The counsel for Brooks contends that the decision, of the court below, is not such a one, as comes within the rule of the act organising the Supreme Court, which authorises appeals only from final judgments and decisions.
V/e are of a different opinion. It is final and conclusive in the suit, and will go to deprive the appellant of a right or privilege which he claims, *323 under the laws of the country, unless this appeal be sustained.
East. District.
June 1814.
As to the merits of the cause : it appears from the record, that the appellant filed his petition in the district court, praying an order for-the meeting of his creditors, for the purpose of making to them a surrender of his property, called in our laws a voluntary surrender. But, before the meeting took place, in pursuance of the order of the court, it was reversed and annulled, in the manner above stated. It has been admitted, as a principle, and acted on by the courts of the late territory and those of the state at this time, and has not heretofore been contested, that in our laws, there are regulations to be found applicable to two kinds of debtors, such as are in actual custody, and such as are not; for the first class, provision has been made by an act of the late Territorial Legislature : the measures, necessary for the latter to pursue, are directed by- the general Jaws of the state. It is allowed to be a principle of those laws that the honest and unfortunate debtor may make a voluntary surrender of his property to his creditors, which they are bound to, accept, unless he has been guilty of fraud. The effect of such surrender is to secure his person from arrest; but not to free him from the payment of any deficiency, arising from the property surrendered being inadequate to .the *324 °f his debts, unless^ he is released by his creditors in the manner pointed out by law.
The appellant states, in his petition, “that by reason of misfprtunes and disappointments in business he is unable to pay his debts accompanying this petition, with a bilan, in the usual form, of debts and property. In the record, which comes up to this Court, nothing appears, contradictory to the statement of the appellee’s petition, which attributes to misfortunes and disappointments his inability to pay his debts ; and he must be presumed to be honest, until the contrary is proved in a legal manner, If a debtor acts so improperly, as to deprive himself of the benefit of laws made for the honest and unfor-túnate, it appears to the court, the most proper time, to establish such conduct against him, would be, after a meeting of his creditors : a majority of whom, according to certain rules established by law, is authorised to control and govern in all matters relating to the affairs of the insolvent. This may be done, by opposing the homologation of the proceedings on legal grounds, or by suggesting and proving frauds committed by him ; and perhaps this suggestion and proof of dishonesty, on the part of the creditors, may be made by any one of them, even before the meeting ; but in the present case nothing of this sort has been done.
*325 It is, therefore, ordered adjudged and decreed by this Court, that the decision of the District Court which annuls the first order made in the case, be reversed and annulled. That Brooks pay the costs, and that this judgment be certified to the District Court.